UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-cv-00824 MTS |
| ) | |
| PUBLIC SAFETY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Clint Phillips, III brings this action for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. [2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. Finally, Plaintiff's motion for appointment of counsel will be denied as moot.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district

court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's History with the Court**

Plaintiff is a frequent *pro se* and *in forma pauperis* litigator in this Court.[1] He describes himself as suffering from PTSD and schizophrenia. *See Phillips v. Three Unknown Police Officers*, No. 4:19-cv-02922-RLW, Doc. [1] at 4 (E.D. Mo. filed Oct. 25, 2019). In this Court's dismissal of a case Plaintiff filed in 2022, the Court warned Plaintiff that the filing of frivolous lawsuits is an abuse of the litigation process. *See Phillips v. St. Louis County*, No. 4:22-cv-00759-

---

[1] Based on a review of Court records, it appears that Plaintiff has filed over forty cases in this Court since 2010. It appears that only one of those cases made it past initial review under 28 U.S.C. § 1915(e)(2); however, that case was dismissed after Plaintiff failed to respond to a motion to compel and failed to appear for a hearing. *See Phillips v. Dunn*, No. 4:16-CV-01698-RWS (E.D. Mo. Oct. 31, 2016) (dismissed July 21, 2017) (appeal dismissed for lack of jurisdiction Sept. 6, 2018). Plaintiff's other cases were dismissed before service on any defendant for a variety of reasons, including failure to sign the complaint, frivolity, failure to state a claim, lack of jurisdiction, and failure to prosecute.

JAR, Doc. [7] at 6 (E.D. Mo. issued Oct. 19, 2022). Based on a review of Court records, since that warning from the Court, Plaintiff has filed at least five (5) additional cases.

## The Complaint

Plaintiff initiated this civil action by filing a complaint under 42 U.S.C. § 1983 and "§ 1201 Discrimination in a public accommodation" against defendants "Public Safety," "Metro Transit Agency," and a public safety officer named Sam.[2] Doc. [1] at 1-3. In his own words, Plaintiff alleges:

> On 05-17-2023 and 5-18-2023; I was discriminated against by an African American male public safety officer @ the Riverview Transfer Center. He was telling me what buses I could or [could] not get on, mainly being the 78 & 60 routes which consist of false imprisonment under state law, and a 4th Amend[ment], 14th Amend[ment] violation and § 1201 et seq. Title 42 U.S.C. § 1983 Discrimination in a public accommodation (bus terminal) when I had provided that I had my fare through an ADA paratransit pass that was good for 4 yrs. I placed my ADA pass on his bodycam to let Metro officials know that they had no just cause for their arrest or attention and that I was not loitering or trespassing and present there for official business during my commute, and experienced these constitutional and intentional torts committed by a public safety officer in his official capacity as an agent of Metro Transit Agency who should be liable under a Respondeat Superior Theory, and if there is an intestate compact it will only open the door to joinder of other defendants under respondeat superior. I am within my 5 yr. statute of limitations.

*Id.* at 6-7. For relief, Plaintiff seeks sixteen (16) million dollars. *Id.* at 8.

## Discussion

This is not the first case Plaintiff has brought against the Metro Transit Agency, alleging discrimination in a public accommodation. *See Phillips v. Mo. Public Safety*, No. 4:21-cv-00691-JCH, 2021 WL 4243186 (E.D. Mo filed June 14, 2021) (dismissed Sept. 17, 2021) (alleging

---

[2] Plaintiff lists "et. el." after two of the defendants' names in the caption of his complaint. Doc. [1] at 1. Presumably Plaintiff is referring to the phrase "et al." which comes from the Latin phrase meaning "and others." *See Merriam-Webster Dictionary*, http://merriam-webster.com/dictionary/et al. (last visited Sept. 19, 2023). Because Plaintiff has not identified any other defendants, the Court construes Plaintiff's complaint as being brought only against the three defendants identified by name.

discrimination, false arrest, and false imprisonment based on an indeterminate number of officers calling him names, threatening him, and forcing him to leave the transfer center); *Phillips v. Metro Transit Agency*, No. 4:23-cv-1164-SEP (E.D. Mo. filed Sept. 15, 2023) (pending motion for *in forma pauperis* and initial review of complaint under 28 U.S.C. § 1915) (alleging discrimination, false imprisonment, unreasonable arrest, abuse of discretion, abuse of process, abuse of police power, and illegal detention based on a bus driver who had Plaintiff removed from the bus and arrested). Like the complaint in Plaintiff's similar 2021 case, Plaintiff's complaint here fails to plead any plausible claims for relief against any named defendant. As such, this case will also be dismissed under 28 U.S.C. § 1915(e)(2).

Plaintiff brings this suit under 42 U.S.C. § 1983 and "§ 1201 Discrimination in a public accommodation." Doc. [1] at 3. Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred under color of law and (2) the action is a deprivation of a constitutional right or a federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

In this case, Plaintiff alleges that a public safety officer (presumably named Sam), told him which buses he could and could not ride, and possibly arrested him.[3] These facts fail to state a violation of a constitutional right. Plaintiff must provide factual allegations from which the Court can reasonably infer a constitutional violation. He has failed to do so. Plaintiff's conclusory statements that he was discriminated against and that his Fourth and Fourteenth Amendment rights were violated by this officer, are not enough to state a § 1983 claim. *See Iqbal*, 556 U.S. at 678

---

[3] It is unclear from the allegations of Plaintiff's complaint whether the named defendant public safety officer arrested Plaintiff or even if Plaintiff was arrested at all on the dates in question. Plaintiff mentions that he showed his ADA pass to show "no just cause for [] arrest," but it unclear if he was actually arrested and if so, by whom. The Court notes that Plaintiff does not make a claim of false arrest but instead a state law claim of false imprisonment. Doc. [1] at 6.

(to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").

Plaintiff also appears to seek relief under Title II of the Americans with Disabilities Act ("ADA").  Under this Act, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Power v. Univ. of North Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020) (quoting 42 U.S.C. § 12132); *see also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Schs.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the Americans With Disabilities Act prohibits public entities from discrimination based on disability in services, programs, or activities).  To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

Here, Plaintiff does not allege a disability as defined by the statute; he only states that he has a "ADA paratransit pass."  Assuming without deciding that Plaintiff has a disability, he fails to provide any factual support for the allegation that he was discriminated against on the basis of this disability.  Plaintiff provides no evidence from which the Court could infer that his treatment by the public safety officer was the result of an unnamed disability of Plaintiff's.

In addition, under the ADA, the term "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation." 42 U.S.C. § 12131.  The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999).  As a result, Plaintiff cannot bring an individual capacity claim

against a public safety officer named Sam under the ADA for failure to accommodate any alleged disability.

Finally, as to Plaintiff's attempt to raise a claim of liability under a theory of respondent superior, "[a] supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory." *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)).  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  To be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights.  *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  "[A] supervisor's liability arises if: 'he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights.'" *Tlamka*, 244 F.3d at 635 (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted)); *see also Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997).  In this case, Plaintiff makes no allegations concerning a failure to supervise or train on the part of any named defendant.

Therefore, for all of these reasons, the Court concludes that summary dismissal is appropriate, and will dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2], is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendants Public Safety, Metro Transit

Agency, and Public Safety Officer Sam are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

  **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED as moot**.

  **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

  An Order of Dismissal will accompany this Memorandum and Order.

  Dated this 25th day of September, 2023.

                _/s/ Matthew T. Schelp_
                MATTHEW T. SCHELP
                UNITED STATES DISTRICT JUDGE